[No. 33418.   Department Two.   July 3, 1956.]

GEORGE ELVES et al., *Respondents*, v. KING COUNTY, *Defendant*, THE TOWN OF HOUGHTON, *Appellant*.[1]

*Landon & Aiken* and *James M. Martin*, for appellant.

*Torbenson, Baum & Thatcher* (*Robert Stevenson*, of counsel), for respondents.

PER CURIAM.—The town of Houghton, a municipal corporation, appeals from a judgment which enjoins it from casting water through a culvert onto plaintiffs' property.

The trial court found:

"That human and animal excreta were found present in the waters collected and diverted on to Plaintiffs' property, which constituted a menace to public health and safety."

[1]Reported in 299 P. (2d) 206.

The trial court concluded:

"That the collection and diversion on to the Plaintiffs' property of said outlaw surface waters, said waters containing human and animal excreta, constitute a menace to public health and safety and is a continuing public nuisance and/or a continuing invasion of private and constitutional rights of the Plaintiffs."

The evidence does not preponderate against the findings of the trial court quoted *supra*. The ditches maintained by defendant town collect the contaminated outlaw surface water and channel it through the culvert onto plaintiffs' property. This constitutes an actionable public nuisance within the purview of our statutes. RCW 7.48.010, .130, .140 (1). It is specially injurious to plaintiffs; hence, this action may be maintained by them. RCW 7.48.210.

We do not reach the question of whether defendant town had acquired the right to cast water onto plaintiffs' land by prescription, because the right to maintain a public nuisance cannot be acquired by prescription. *D'Ambrosia v. Acme Packing & Provision Co.*, 179 Wash. 405, 408, 37 P. (2d) 887 (1934); *Bales v. Tacoma*, 172 Wash. 494, 503, 20 P. (2d) 860 (1933).

The judgment is affirmed.

HILL, J. (dissenting)—I dissent, because I am convinced that there is no evidence to support the finding of the trial court on which the *per curiam* opinion is based, *i.e.*, "That human and animal excreta were found present in the waters collected and diverted on to Plaintiffs' property . . . ." Respondents seek to uphold that finding on the basis that the trial judge must have seen the human and animal excreta when he inspected the premises. It is my view that there must be evidence in the record to support such a finding. See annotation, "Right of trial judge trying case without jury to base findings on result of personal observations," 97 A. L. R. 335, and cases cited therein.

October 10, 1956. Petition for rehearing denied.